FILED
United States Court of Appeals
Tenth Circuit

April 8, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VICTOR SMITH,

       Petitioner - Appellant,

v.

DAVID R. MCKUNE, Warden; DEREK
SCHMIDT, Kansas Attorney General,

       Respondent - Appellees.

No. 12-3343
(D.C. No. 5:12-CV-03168-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

Petitioner-Appellant Victor Smith, a Kansas state prisoner proceeding pro se,[1]

seeks a certificate of appealability ("COA") to appeal the district court's denial of his

federal habeas corpus application. 28 U.S.C. § 2254. Exercising jurisdiction under 28

U.S.C. § 1291, we deny Mr. Smith's application for a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Smith is proceeding pro se, we review his pleadings and filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

Mr. Smith was convicted of two counts of first-degree murder in 1993. The Kansas Supreme Court affirmed his convictions on October 27, 1995. In 2004, Mr. Smith filed a state post-conviction action, which the state district court dismissed. The Kansas Court of Appeals affirmed that dismissal.

The record does not show that Mr. Smith took any other action to challenge his conviction until he filed a § 2254 petition in federal district court on July 31, 2012. The district court therefore ordered Mr. Smith to "show cause why [his § 2254 petition] should not be dismissed as untimely." *Smith v. McKune*, No. 12-3168, 2012 WL 5077385, at *3 (D. Kan. Oct. 18, 2012) (unpublished).

In its subsequent order, the district court noted that Mr. Smith filed his § 2254 application years after the one-year limitations period had run. *See* 28 U.S.C. § 2244(d). It further noted that, to receive the benefit of equitable tolling, Mr. Smith had to demonstrate "both '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Memorandum and Order, *Smith v. McKune*, No. 12-3168, slip op. at 2 (D. Kan. Dec. 18, 2012) (unpublished) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)).

The court concluded that Mr. Smith's "bare assertions of incompetency, and his lack of familiarity with legal procedures" did not qualify as extraordinary circumstances that justified equitable tolling. *Id.* The court therefore dismissed the action as barred by the one-year limitation period set forth at 28 U.S.C. § 2244(d). *Id.* This appeal followed.

-2-

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's ruling rests on procedural grounds, Mr. Smith must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484.

Beyond making bare assertions of incompetence, Mr. Smith does not address the district court's conclusion that Mr. Smith's circumstances did not justify equitable tolling. Because no jurist of reason could reasonably debate the correctness of the district court's decision, we DENY the request for a COA and DISMISS this matter. We also DENY Mr. Smith's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge

-3-